**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: ) | CASE NO. | 17-21972 (JJT) |
| ) | | |
| **THOMAS PATRICK KORZEB,** ) | CHAPTER | 7 |
| DEBTOR. ) | | |
| ) | ECF NOS. | 50, 55 |

### RULING ON THE TRUSTEE'S OBJECTION TO PROOF OF CLAIM NO. 11

3M Company ("3M") previously employed the debtor, Thomas Patrick Korzeb. While still working for 3M in 2015, Mr. Korzeb suffered a slip and fall injury on 3M's premises in 2015, due to the alleged negligence of Casagrande Builders, Inc. ("Casagrande"). Mr. Korzeb claimed and collected workers' compensation benefits from 3M. On February 15, 2017, Mr. Korzeb filed a personal injury lawsuit against Casagrande. On March 6, 2017, 3M sent Mr. Korzeb a written notice of a workers' compensation lien related to the benefits it paid him for the injury. Thomas Patrick Korzeb filed this Chapter 7 bankruptcy case on December 29, 2017 ("Petition Date"). On April 6, 2018, the Court appointed special counsel to represent the bankruptcy estate in the personal injury action (ECF No. 31).

The Chapter 7 Trustee ("Trustee") filed Proof of Claim No. 10 on 3M's behalf on June 7, 2018. The Trustee listed Proof of Claim No. 10 in the amount of $23,925.67 for an unsecured workers' compensation claim pursuant to Conn. Gen. Stat. § 31-293(a). On June 18, 2018, 3M filed Proof of Claim No. 11, claiming a secured lien in the amount of $23,925.61 based on the same statute. Both proofs of claim involve the same workers' compensation claim. On August 20, 2018, the Trustee filed an amended objection ("Objection," ECF No. 50) challenging the secured status of Proof of Claim No. 11. He alleges that the claim was not duly perfected or enforceable at

the time the bankruptcy case began. The Trustee does not object to the amount of Proof of Claim No. 11.

On September 19, 2018, 3M filed a response ("Response," ECF No. 55) to the Objection, asserting that all of the proposed settlement proceeds are not bankruptcy estate assets, but assuming *arguendo* that they are, then 3M holds a secured claim. By Fed. R. Bankr. P. 9019 Order (ECF No. 56) on September 20, 2018, this Court approved Casagrande's $75,000.00 settlement offer ("Proceeds") with Mr. Korzeb. On November 1 and December 6, 2018, the Court held hearings on the Objection and Response. At the December 6, 2018 hearing, the Trustee conceded that 3M sent Mr. Korzeb notice before the bankruptcy filing and subsequent settlement with Casagrande.

In the instant matter, the Court must determine the following: 1) whether the Proceeds are a bankruptcy estate asset; and 2) if the Proceeds are an asset of the bankruptcy estate, whether 3M's claim is duly perfected and enforceable.

Pursuant to 11 U.S.C. § 541(a)(1), bankruptcy estate property includes all of the debtor's causes of action, including personal injury claims. 5 COLLIER ON BANKRUPTCY, ¶ 541.07[1], p. 541-44 (16th ed., 2018). Whether unliquidated at the bankruptcy filing or settled post-petition, personal injury claims become bankruptcy estate assets on the petition filing date. *Wischan v. Adler (In re Wischan)*, 77 F.3d 875, 877 (5th Cir. 1996) (pre-petition rights of action are property of the bankruptcy estate even though proceeds were obtained post-petition). The entire Proceeds are a bankruptcy estate asset because Mr. Korzeb's pre-petition personal injury claims were property of the bankruptcy estate on the Petition Date.

Nonetheless, 3M possesses subrogation rights derived from the workers' compensation benefits it previously paid to Mr. Korzeb. Connecticut's Workers' Compensation Act provides that:

2

> **If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee.** . . . Notwithstanding the provisions of this subsection, when any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury and the injured employee has received compensation for the injury from such employer, its workers' compensation insurance carrier or the Second Injury Fund pursuant to the provisions of this chapter, **the employer**, insurance carrier or Second Injury Fund **shall have a lien upon** . . . **any settlement received by the employee from the party, provided the employer**, insurance carrier or Second Injury Fund **shall give written notice of the lien to the party prior to such judgment or settlement.**

Conn. Gen. Stat. § 31-293(a) (emphasis added).

A party can perfect a statutory lien under Conn. Gen. Stat. § 31-293(a) by providing written notice of the lien before settlement of the third-party claim. *See, e.g., Town of Southbury v. Gonyea*, 301 Conn. 405, 413–16 (2011) (noting that the plaintiff perfected its statutory lien rights under Conn. Gen. Stat. § 31-293(a) by filing lien letters with the defendants). The state legislature aimed to prevent an employee from becoming unjustly enriched and receiving double damages. *Durniak v. August Winter & Sons, Inc.*, 222 Conn. 775, 779–80 (1992). Thus, once an employer perfects its lien against the settlement proceeds, it is "statutorily entitled" to them. *Gonyea*, 301 Conn. at 416.

The cases the Trustee uses in his Objection to refute 3M's status are inapposite, as they deal with entirely different statutory liens which were not duly perfected or enforceable.[1] 3M properly perfected its claim when it sent Mr. Korzeb the lien letter in March 2017, both pre-petition

---

[1] The court in *In re Nicolescu* analyzed a Medicaid lien asserted under Conn. Gen. Stat. § 17b-94(a), which was silent regarding perfection. The court held that the Medicaid lien was facially avoidable as it was not perfected or enforceable against a bona fide purchaser. 311 B.R. 27, 29 (Bankr. D. Conn. 2004). The second case involved a no-fault automobile insurance lien pursuant to Conn. Gen. Stat. § 38a-369(b) that the insurance carrier attempted to perfect post-petition. The court held the perfection attempt violated the automatic stay under 11 U.S.C. § 362(a), did not fall under an exception, and was therefore unenforceable against the debtor's estate. *In re Faita*, 164 B.R. 6, 9–12 (Bankr. D. Conn. 1994).

3

and pre-settlement. The plain language of the statute unequivocally indicates that an employer possesses a valid lien once it provides written notice to the employee, as long as the notice occurs pre-settlement. 3M's conduct tracked the statute. 3M placed Mr. Korzeb and his Chapter 7 bankruptcy estate sufficiently on notice of its claim and lien. Mr. Korzeb even included the workers' compensation claim as a secured claim on his bankruptcy petition.

In consideration of the above, the Court **OVERRULES** the Objection and **ADJUDGES** that Proof of Claim No. 11 is duly perfected and enforceable against the Proceeds.[2] Proof of Claim No. 10 is accordingly **STRICKEN** as superseded by Proof of Claim No. 11.

**IT IS SO ORDERED** at Hartford, Connecticut this 18th day of December 2018.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[2] The net Proceeds may be subject to any of the Debtor's properly claimed exemptions after subtracting special counsel's Court-approved legal fees and expenses (ECF No. 53) and Proof of Claim No. 11.